UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WALLACH TRADING CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV00884 AGF |
| | ) | |
| TEAM FREIGHT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion for leave to file first amended complaint (Doc. No. 35). Defendant has filed a memorandum in opposition (Doc. No. 37), and Plaintiff has filed a reply brief (Doc. No. 45). After consideration of the record and the motions, the Court shall deny Plaintiff's motion for leave to file an amended complaint.

**Background**

On or about July 6, 2010, Plaintiff purchased a load of material for $126,169.92 and entered into an agreement with Defendant Team Freight, Inc. ("TFI") to arrange for the load to be shipped from the seller in Texas to a location in Connecticut. (Compl. ¶¶ 7-8, Doc. No. 1) Defendant contracted with an interstate motor carrier, RBC Express, Inc., ("RBC") to deliver the load. (*Id.* at ¶ 9) RBC picked up the load in Texas and was obligated to deliver in accordance with the bill of lading. (*Id.* at ¶ 10) However, RBC failed to deliver the load, which Plaintiff believes was lost or stolen. (*Id.* at ¶¶ 11)

Plaintiff was unsuccessful in its attempts to recoup its loss from either RBC or Defendant TFI. (*Id.* at ¶ 12)

On May 16, 2011, Plaintiff filed a complaint against RBC and Defendant TFI, alleging a Carmack Amendment claim against RBC (Count I) and a breach of contract claim against TFI (Count II). However, Plaintiff was unable to effect timely service on RBC, and on January 26, 2012, the Court dismissed RBC without prejudice for lack of timely service. On March 1, 2012, the Court dismissed RBC as a Crossclaim Defendant. In the Case Management Order dated April 24, 2012, the Court ordered the parties to show cause why the case should not be dismissed for lack of jurisdiction. (Doc. No. 33) In response, Plaintiff now asserts that it has a Carmack Amendment claim against Defendant TFI as well, based on TFI's actions in arranging transportation of the load. (Pl.'s Resp. to Order to Show Cause ¶ 6, Doc. No. 36) Plaintiff seeks to file an amended complaint against Defendant TFI adding the Carmack Amendment claim (Count I) and a negligence claim (Count III). (Pl.'s Mot. for Leave to File First Am. Compl. Ex. A, Doc. No. 35-1) Defendant, however, argues that Plaintiff's amended complaint could not withstand a motion to dismiss, and therefore, this Court should deny the motion to file an amended complaint.

## **Discussion**

District courts have discretion whether to allow leave to amend complaints and may deny leave to amend where the proposed amended complaint would not withstand a motion to dismiss. *Weimer v. Amen*, 870 F.2d 1400, 1407 (8th Cir. 1989) (citations

omitted); *see also Zutz v. Nelson*, 601 F.3d 842, 852 (affirming the dismissal of proposed amended complaint where it would not survive a 12(b)(6) motion to dismiss and was, therefore, futile). "The liberal amendment rules of Fed. R. Civ. P. 15(a) do not require that courts indulge in futile gestures." *Holloway v. Dobbs*, 715 F.2d 390, 392-93 (8th Cir. 1983) (citation omitted).

Here, Defendant argues that Plaintiff's proposed amended complaint is futile in that Plaintiff cannot state a Carmack Amendment claim because Defendant is a broker, not a motor carrier. Plaintiff, on the other hand, asserts that its allegation that Defendant is a "motor carrier" states a claim that is plausible on its face such that it can survive a motion to dismiss and is not futile.

"The Carmack Amendment (49 U.S.C. § 14706 (1996)) imposes liability on a carrier for all losses relating to goods it transports in interstate commerce." *Chubb Group of Ins. Cos. v. H.A. Transp. Sys., Inc.*, 243 F. Supp. 2d 1064, 1068 (C.D. Cal. 2002). The statute pertains only to "motor carriers" and "freight forwarders" and preempts state common law claims against them. *Id;* 49 U.S.C. § 14706(a). The Carmack Amendment does not apply to brokers, however, and brokers may only be held liable under state law in connection with the shipment. *Id.* at 1068-69. The statute defines broker as "a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C. § 13102(2). "The term 'motor carrier'

means a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14).

According to the proposed amended complaint, Plaintiff entered into an agreement with Defendant to arrange for the load to be shipped, and thereafter Defendant contracted with RBC to pick up and deliver the load. (Pl.'s Mot. for Leave to File First Am. Compl. Ex. A ¶¶ 6-7, Doc. No. 35-1) While Plaintiff contends that Defendant was not only acting as a broker, but as a motor carrier, nothing in the pleadings suggests that Defendant provided motor vehicle transportation or agreed to provide transportation. Instead, Plaintiff's allegations demonstrate that Defendant merely arranged for the transportation, which falls within the definition of a broker, not a motor carrier. *Chubb*, 243 F. Supp. 2d at 1069-70.

Plaintiff's reliance on *Land O'Lakes, Inc. v. Superior Serv. Transp. of Wis., Inc.*, 500 F. Supp. 2d 1150 (E.D. Wis. 2007) is misplaced. In that case, the defendant expressly agreed to transport the goods in the contract and agreed to assume interstate motor carrier liability pursuant to the Carmack Amendment. *Id.* at 1152. The defendant then brokered the delivery of the goods to another carrier. *Id.* at 1153. Based upon the "undisputed facts of the case" that defendant agreed to transport the goods, the court found that plaintiff could assert a cause of action under the Carmack Amendment against defendant as a motor carrier. *Id.* at 1155.

Likewise, *Corbin v. Arkansas Best Corp.*, No. 2:08CV00006 JLH, 2008 WL 631275 (E.D. Ark. March 4, 2008) does not apply to the instant case. In *Corbin*, plaintiff

expressly alleged that she contracted with defendant to transport her furniture and household goods. *Id.* at \*2; *see also Mach Mold Inc. v. Clover Assocs., Inc.*, 383 F. Supp. 2d 1015, 1030 (N.D. Ill. 2005) ("[I]f [defendant] had been authorized to transport the machine and accepted and legally bound itself to do so, it would not be a broker . . . [but] would be acting as a 'motor carrier' for the purposes of the [Carmack Amendment].").

In the instant case, the facts in Plaintiff's proposed amended complaint allege that Defendant is a licensed broker and agreed to arrange for transportation. (Pl.'s Mot. for Leave to File First Am. Compl. Ex. A ¶¶ 2, 6, Doc. No. 35-1) While Plaintiff correctly notes that a broker can, in some instances, be a motor carrier as well, nothing in the pleading even suggests an agreement to provide motor vehicle transportation. Plaintiff's conclusory allegation that Defendant was also acting as a motor carrier, without more, is insufficient to survive a motion to dismiss. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . .") (citations omitted). Although Plaintiff argues that using the term "motor carrier" along with alleging the elements of a Carmack Amendment claim satisfies the plausibility requirement, the amended complaint contains the exact type of language proscribed by *Twombly*. *Id; see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted).

Because the amended complaint cannot withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court shall deny Plaintiff's motion for leave to file first amended complaint as futile. *See Zutz*, 601 F.3d at 852 (affirming lower court's denial of motion for leave to amend where proposed amended complaint failed to state enough facts that would plausibly lead to a cause of action). Further, "[a] federal district court has the discretionary power to decline jurisdiction where it has 'dismissed all claims over which it has original jurisdiction.'" *Johnson v. City of Shorewood, Minn.*, 360 F.3d 810 (8th Cir. 2004) (quoting 28 U.S.C. § 1367(c)(3)). Here, the Court declines to exercise supplemental jurisdiction over the remaining state law claim and will dismiss the pendent claim for lack of jurisdiction. *Id.*

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file first amended complaint is **DENIED**. (Doc. No. 35)

**IT IS FURTHER ORDERED** that the complaint is hereby **DISMISSED** for lack of jurisdiction.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of June, 2012.